**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Brenda Matheson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 4190 |
| | ) | |
| Main Street Acquisition Corp., a Nevada | ) | |
| corporation, and AmSher Collection | ) | |
| Services, Inc., an Alabama corporation, | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Brenda Matheson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Brenda Matheson ("Matheson"), is a citizen of the State of South Carolina, from whom Defendants attempted to collect a delinquent consumer debt owed for a Credit One credit card, which was then allegedly owed to a bad debt buyer, Main Street Acquisition Corp., despite the fact that she was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Main Street Acquisition Corp. ("Main Street"), is a Nevada corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Main Street operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Main Street was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, AmSher Collection Services, Inc. ("AmSher"), is an Alabama corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  AmSher operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant AmSher was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant Main Street is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant AmSher.

7.      Defendants Main Street and AmSher are both authorized to conduct business in the State of Illinois and maintain registered agents within the State of

2

Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Main Street and AmSher each conduct extensive and substantial business in Illinois.

8.      Defendants Main Street and AmSher are both licensed as debt collection agencies in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendant Main Street and AmSher act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9.      Ms. Matheson is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally to Credit One. At some point in time after that debt became delinquent, Defendant Main Street bought Ms. Matheson's Credit One debt, and when Main Street began trying to collect the Credit One debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10.     Specifically, Defendant Main Street hired another debt collector, Vision Financial Corp. ("Vision"), to demand payment of the Credit One debt from Ms. Matheson, which did so by sending her a collection letter, dated January 26, 2011. A copy of this collection letter is attached as Exhibit C.

11.     Accordingly, one of Ms. Matheson's attorneys at LASPD sent a letter dated April 8, 2011, and faxed on April 11, 2011, informing Defendants, through Main Street's collection agent, Vision, that Ms. Matheson was represented by counsel, and directing Defendants to cease contacting her, and to cease all further collection

activities because Ms. Matheson was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Nonetheless, Defendant Main Street then had Defendant AmSher send Ms. Matheson a collection letter, dated March 27, 2012, which demanded payment of the Credit One debt. A copy of this collection letter is attached as Exhibit E.

13. Accordingly, on April 22, 2012, Ms. Matheson's LASPD attorney had to send Defendants yet another letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Ms. Matheson's agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D). By continuing

4

to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

19.    Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20.    Plaintiff adopts and realleges ¶¶ 1-15.

21.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

22.    Defendants knew, or readily could have known, that Ms. Matheson was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit D), that Ms. Matheson was represented by counsel, and had directed a cessation of communications with Ms. Matheson.  By directly sending a collection letter to Ms. Matheson (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23.    Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Brenda Matheson, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Matheson, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Brenda Matheson, demands trial by jury.

Brenda Matheson,

By: /s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated:  May 30, 2012

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com